IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHRISTINA MARTIN,

    Plaintiff,

v.  No. 06-2429

CITY OF MEMPHIS, CITY OF MEMPHIS POLICE
DEPARTMENT; THOMAS GRIFFIN, individually and
in his official capacity as a police officer of the City of Memphis,
and CRICKET COMMUNICATIONS, INC.,

    Defendants.

_____

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING THE PLAINTIFF'S CLAIMS AGAINST DEFENDANT
CRICKET COMMUNICATIONS, INC.,WITH PREJUDICE
_____

The Plaintiff, Christina Martin, brought this action against the Defendants pursuant to 42 U.S.C. § 1983, alleging that her constitutional rights were violated when she was assaulted by an off-duty Memphis police officer while in a store belonging to Cricket Communications, Inc. ("Cricket"). On December 3, 2007, Cricket filed a motion to dismiss the Complaint on the basis that the Plaintiff had failed to comply with the Court's November 15, 2007 Order compelling Martin to answer Cricket's first set of interrogatories and first request for production of documents. (Doc. No. 31.) The motion to dismiss was referred to Magistrate Judge Diane K. Vescovo, who issued a report and recommendation on January 9, 2008, recommending dismissal of the Complaint as to Cricket pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. (Doc. No. 36.) On January 24, 2008, the Plaintiff filed an objection the magistrate judge's report and recommendation. (Doc. No. 38.) Martin, who is no longer represented by counsel, stated that she "answered the interrogatories

and request for production of documents and gave them to my lawyer . . . in early Jan. or Feb. 2007." (Id. at 1.) She argues that her "case should not be dismissed if [my lawyer] failed to turn over these documents to defendants." (Id.)

The Supreme Court has held that clients must be held accountable for the acts and omissions of their attorneys. Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 396-97 (1993); Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962). The Court reasoned that

> [t]here is certainly no merit to the contention that dismissal of [the] petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . . .

Link, 370 U.S. at 633-34. The Sixth Circuit has expressly adopted this rule. Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 524 (6th Cir. 2006).

In light of this precedent, the Court concludes that Martin cannot prevent dismissal of her claims against Cricket by blaming her failure to comply with the Court's November 15, 2007 Order on her attorney. The Court thus OVERRULES her objection, ADOPTS the magistrate judge's report and recommendation, and DISMISSES with prejudice the Plaintiff's claims against Cricket. The Clerk is directed to enter judgment in accordance with this Order.

IT IS SO ORDERED this 30th day of January, 2008.

                                                    s/ J. DANIEL BREEN
                                                    UNITED STATES DISTRICT JUDGE